IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland Sr., ) | C/A No. 3:11-3099-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| United States Marshals Service; Kevin ) | **REPORT AND RECOMMENDATION** |
| Washington, United States Marshal for the ) | |
| District of South Carolina; Deputy United States ) | |
| Marshal John Doe #1; Deputy United States ) | |
| Marshal John Doe #2; Deputy United States ) | |
| Marshal John Doe #3; Deputy United States ) | |
| Marshal John Doe #4,, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Charles W. Penland Sr. ("Plaintiff"), a self-represented federal inmate, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation based on Rule 25(a)(1) of the Federal Rules of Civil Procedure following information received by the court of the plaintiff's death. On March 5, 2012 (ECF No. 22), the court entered an order pursuant to Rule 25 advising that unless an appropriate party made a motion for substitution of the proper party within ninety (90) days from the date of its order, this action would be subject to dismissal.

As of this date, no attorney has appeared for the plaintiff in this case, nor has any motion for substitution of a proper party otherwise been filed in response to the order of this court. Therefore, the court recommends that this action be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 25(a)(1).

PJG

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 7, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).